IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 07-20090-02-KHV |
| TONY WASHINGTON, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion For Disclosure Of Grand Jury Transcripts (Doc. #189) filed April 15, 2009. Defendant seeks a copy of the transcript of all grand jury testimony in his case.

The district court has discretion whether to release grand jury transcripts. See Douglas Oil Co. v. Petrol Stops N.W., 441 U.S. 211, 223 (1979); In re Lynde, 922 F.2d 1448, 1451 (10th Cir. 1991). To obtain a grand jury transcript, defendant must make a strong showing of "particularized need" that outweighs the public policy of grand jury secrecy. Douglas Oil, 441 U.S. at 222; see United States v. Warren, 747 F.2d 1339, 1347 (10th Cir. 1984). A general claim that the transcript possibly contains exculpatory evidence does not suffice. In re Lynde, 922 F.2d at 1454; see United States v. Kim, 577 F.2d 473, 478 (9th Cir. 1978) (fishing expedition not permitted).

Here, defendant maintains generally that he believes that the grand jury testimony "contains relevant and exculpatory Brady and/or Giglio witness material and/or statements that should have been disclosed to the defense prior to the trial and would have been used by the Defendant at his trial in his defense." Defendant's Motion For Disclosure Of Grand Jury Transcripts (Doc. #189) at 2. In the alternative, defendant asks the Court to review the materials *in camera*. Defendant has

articulated only a general claim that the grand jury transcript may contain exculpatory material. Defendant has not specified why he believes the grand jury testimony contains exculpatory material and how any such evidence would have been used at trial. Accordingly, any review of the grand jury transcript by the Court or defendant would merely be a fishing expedition. In sum, defendant has not made a strong showing of particularized need that outweighs the public interest in secrecy of grand jury proceedings. The Court therefore overrules defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Disclosure Of Grand Jury Transcripts (Doc. #189) filed April 15, 2009 be and hereby is **OVERRULED**.

Dated this 23rd day of June, 2009, at Kansas City, Kansas.

                                              s/ Kathryn H. Vratil
                                              KATHRYN H. VRATIL
                                              United States District Judge