# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVE LOGAN, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 07-20090-01-KHV |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's <u>Petition And Affidavit In Support Of And Request To Proceed On Appeal As a Poor Person And Request For Appointment Of Counsel And Request For The Court To Waive Cost And Fees</u> (Doc. #217) filed June 15, 2009. Under Rule 24(a)(1)(C), Fed. R. App. P., defendant's motion must state the issues which he intends to present on appeal. Rule 24(a) requires such a statement because the district court will deny in forma pauperis status if it determines that the appeal is not taken in good faith. <u>See</u> Fed. R. App. P. 24(a)(4)(B). Good faith is an objective standard measured by whether the appeal is "frivolous" or lacks a "rational argument on the law or facts." <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 448 (1962). In the plea agreement, defendant knowingly and voluntarily waived "any right to appeal or collaterally attack any mater in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release)." Plea Agreement ¶ 10, attached to <u>Petition To Enter Plea Of Guilty And Order Entering Plea</u> (Doc. #145) filed January 15, 2009. Defendant does not explain how his appeal survives the waiver in the plea agreement. The Court therefore finds that his appeal is not made in good faith. <u>See</u> <u>United States</u>

v. Alvarez, 506 F. Supp.2d 1285, 1291 (S.D. Fla. 2007) (appeal not in good faith where barred by waiver in plea agreement); United States v. Zrikat, No. 03-cr-15-TS, 2005 WL 1660898, at *2 (N.D. Ind. July 13, 2005) (same); United States v. Gholston, 133 F. Supp.2d 1304, 1309-11 (M.D. Fla. 2000) (same), aff'd, 275 F.3d 52 (11th Cir. 2001); see also United States v. Lopez-Guzman, 189 Fed. Appx. 732, 734-35 (10th Cir. 2006) (denying certificate of appealability and in forma pauperis status because defendant waived objection in plea agreement).

Defendant also asks the Court to appoint counsel.  As explained in a prior order, defendant is represented by retained counsel who filed a notice of appeal.  See Order (Doc. #213).  This Court lacks authority to relieve counsel of his duty and/or appoint new counsel.  See id.  Accordingly, any request for new counsel should be directed to the Tenth Circuit.

**IT IS THEREFORE ORDERED** that defendant's Petition And Affidavit In Support Of And Request To Proceed On Appeal As a Poor Person And Request For Appointment Of Counsel And Request For The Court To Waive Cost And Fees (Doc. #217) filed June 15, 2009 be and hereby is **OVERRULED**.

The Clerk is directed to forward a copy of this order to the Clerk of the Tenth Circuit.

Dated this 1st day of July, 2009 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge