**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVE LOGAN, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 07-20090-01-KHV |

**MEMORANDUM AND ORDER**

On April 23, 2009, the Court sentenced defendant. On May 1, 2009, defendant filed his notice of appeal. This matter is before the Court on defendant's pro se Motion For Modification Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #252) filed August 31, 2009 and defendant's pro se Motion To Dismiss Indictment And Presentence Report (Doc. #257) filed November 2, 2009. For reasons stated below, the Court overrules defendant's motions.

Initially, the Court overrules defendant's pro se motions because defendant is represented by counsel. See Fed. R. Civ. P. 11 (every pleading, written motion and other paper shall be signed by at least one attorney of record); United States v. Sandoval-DeLao, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant was represented by counsel); United States v. Castellon, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if criminal defendant is represented by counsel, court does not accept pro se filings or allegations); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation").

In both motions, defendant also raises numerous issues which the Court declines to address because defendant's appeal is pending. Subject to exceptions which do not apply in this case, the

filing of a notice of appeal divests a district court of jurisdiction. See United States v. Brown, 290 Fed. Appx. 157, 159 (10th Cir. 2008); United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006); United States v. Meyers, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996). Because defendant has already filed a notice of appeal, the Court overrules defendant's motions. Subject to the Rules of the Tenth Circuit Court of Appeals, defendant may be able to raise some of these issues on appeal.

Defendant's motions also lack substantive merit.

## I. Motion To Modify Under 18 U.S.C. § 3582(c)(2)

Defendant asks the Court to reduce his sentence for numerous reasons, but relief is not appropriate under Section 3582(c). Under certain circumstances, a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Defendant argues that he is entitled to relief under Amendments 484, 485, 487, 493, 506, 599, 706, 709 to the Sentencing Guidelines, but all of these amendments were passed before defendant's sentencing. The effective date of the most recent amendment (No. 709) was November 1, 2007, some 18 months before the Court sentenced defendant. Accordingly, none of the cited amendments provide defendant relief under Section 3582(c)(2).[1]

## II. Motion To Dismiss Indictment And Presentence Report

Defendant has filed a motion to dismiss with numerous boilerplate arguments with virtually

---

[1] Most of defendant's arguments are more properly raised in a motion under 28 U.S.C. § 2255, but for reasons stated below, the Court declines to treat defendant's motion as a Section 2255 motion.

-2-

no attempt to relate those arguments to the facts of his case.[2] Rule 12(b)(3)(B), Fed. R. Crim. P., provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."[3] After judgment and sentence have been entered, a defendant can no longer invoke Rule 12(b)(3)(B) in the district court.[4] See United States v. Valadez-Camarena, 402 F.3d 1259, 1261 (10th Cir. 2005); United States v. Stewart, 18 Fed. Appx. 684, 686 (10th Cir. 2001); see also United States v. Preciado-Quinonez, 53 Fed. Appx. 6, 7 (10th Cir. 2002) (after final judgment, pleading challenging adequacy of indictment is properly deemed motion under Section 2255); United States v. Nelson, 177 F. Supp.2d 1181, 1188-89 (D. Kan. 2001) (same), aff'd, 48 Fed. Appx. 308 (10th Cir. 2002).

## III.    Relief Under 28 U.S.C. § 2255

The Court declines to construe defendant's present motions as ones to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a Section 2255 motion while a direct appeal is pending. See United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997); United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993); Advisory Committee Note to Rule 5 of the Rules Governing § 2255 Proceedings. To the extent the Court could construe defendant's

---

[2] For example, defendant includes sections on jury instructions and verdicts even though he pled guilty.

[3] Before the 2002 Amendments to the Federal Rules of Criminal Procedure, current Rule 12(b)(3)(B) was largely encompassed by Rule 12(b)(2), which provided that defenses and objections based on defects in the indictment for lack of jurisdiction or failure to charge an offense shall be noticed "at any time during the pendency of the proceedings."

[4] Defendant may be able to pursue his challenge to the indictment under Rule 12(b) for the first time on appeal. See United States v. Sinks, 473 F.3d 1315, 1321 (10th Cir. 2007).

-3-

present motions as one under Section 2255, it would overrule such a motion as premature.[5] In addition, because defendant has not addressed the relevant standards under Section 2255 and to ensure that defendant is aware of the restrictions on second or successive motions under Section 2255,[6] the Court declines to recharacterize defendant's present pro se filings as a petition under Section 2255.

**IT IS THEREFORE ORDERED** that defendant's Motion For Modification Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #252) filed August 31, 2009 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Dismiss Indictment And Presentence Report (Doc. #257) filed November 2, 2009 be and hereby is **OVERRULED**.

---

[5] The Court need not address whether it has jurisdiction to entertain defendant's motion, because it would decline to do so in any event. Compare United States v. Hurd, 176 F.3d 490, 1999 WL 285921, at *1-2 (10th Cir. May 7, 1999) (district court without jurisdiction to hear Section 2255 motion while appeal pending) with Advisory Committee Note to Rule 5 of the Rules Governing § 2255 Proceedings (no jurisdictional bar to Section 2255 motion pending appeal). Moreover, because defendant can re-file his motion after his direct appeal is concluded, he is not prejudiced by the Court's decision to overrule his motion as opposed to deferring ruling until his appeal concludes. See United States v. Bey, 208 F.3d 227, 2000 WL 217059, at *2 (10th Cir. Feb. 21, 2000) (Section 2255 motion not successive motion where it was first Section 2255 motion filed after conclusion of direct criminal appeal).

[6] A defendant cannot file a second or successive motion under Section 2255 unless a panel of the appropriate court of appeals certifies that it contains –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Dated this 10th day of November, 2009 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          KATHRYN H. VRATIL
                                          United States District Judge