# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| **v.** ) | |
| ) | **No. 07-20090-01-KHV** |
| **STEVE LOGAN,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

On April 23, 2009, the Court sentenced defendant. On May 1, 2009, defendant filed his notice of appeal. On December 22, 2009, the Tenth Circuit dismissed defendant's appeal based on the appeal waiver in the plea agreement. This matter is before the Court on <u>Petitioner's Motion For Transcripts</u> (Doc. #262) filed January 4, 2010. Defendant asks for a copy of the plea agreement and transcripts of the plea colloquy and sentencing.[1]

---

[1] Defendant states that he needs the documents so that he can determine what rights he waived in this case. The plea agreement contains a waiver as follows:

**Waiver of Appeal and Collateral Attack**. The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). He is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, he knowingly waives any right to appeal a sentence imposed that is within the guideline range determined appropriate by the court. He also waives any right to challenge his conviction and/or sentence or otherwise attempt to modify or change his sentence or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by <u>United States v. Cockerham</u>, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro

(continued...)

Initially, the Court overrules defendant's pro se motion because defendant is represented by counsel.[2] See Fed. R. Civ. P. 11 (every pleading, written motion and other paper shall be signed by at least one attorney of record); United States v. Sandoval-DeLao, 283 Fed. Appx. 621, 625 (10th Cir. 2008) (no error in refusal to consider pro se motion when defendant was represented by counsel); United States v. Castellon, 218 Fed. Appx. 775, 780 (10th Cir. 2007) (if criminal defendant is represented by counsel, court does not accept pro se filings or allegations); United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995) (no constitutional right to "hybrid form of representation"). In addition, defendant has not shown that absent the transcripts, he cannot prepare a Section 2255 motion. Indeed, the record on appeal apparently includes the transcript of the plea colloquy and sentencing. See Volume II of Record on Appeal (including transcripts of change of plea hearing (Doc. #258) and sentencing (Doc. #259)); Fed. R. App. P. 19(a). Absent a showing of a particularized need, the Court generally does not provide copies of transcripts to indigent prisoners before a Section 2255 motion is filed. See Rule 7 of the Rules Governing Section 2255 Proceedings

---

[1](...continued)
60(b). In other words, he waives the right to appeal the conviction in this case and waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 10, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #145) filed January 15, 2009.

[2] The appointment of counsel on appeal remains effective through the filing of a petition for certiorari to the Supreme Court, if requested by the client, or until the Tenth Circuit grants a motion to withdraw by counsel. See 10th Circuit Rule 46.3(A); Criminal Justice Act Plan for the United States Court Of Appeals For The Tenth Circuit, Addendum I to Tenth Circuit Rules Effective January 1, 2010.

(if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require); 28 U.S.C. § 753 (fees for transcripts paid by United States if judge certifies that suit or appeal is not frivolous and that transcript is needed to decide issue presented); Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript under Section 753 not ripe until Section 2255 motion has been filed).

**IT IS THEREFORE ORDERED** that Petitioner's Motion For Transcripts (Doc. #262) filed January 4, 2010 be and hereby is **OVERRULED**.

Dated this 6th day of January, 2010 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge