**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVE LOGAN, )<br>)<br>Defendant. )<br>_____ ) | CRIMINAL ACTION<br><br>No. 07-20090-01-KHV |

**MEMORANDUM AND ORDER**

On April 23, 2009, the Court sentenced defendant to 292 months in prison. See Judgment In A Criminal Case (Doc. #197). On February 9, 2015, the Court reduced defendant's sentence to 235 months. See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #337). This matter is before the Court on defendant's Motion For Sentence Reduction Under Amendment 782 In Light Of The Supreme Court's Ruling In Hughes V. United States (Doc. #393) filed June 11, 2018. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On January 15, 2009, defendant pled guilty under Rule 11(c)(1)(A), Fed. R. Crim. P., to conspiracy to distribute or possess with intent to distribute marijuana and 50 grams or more of cocaine base. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #145). Defendant's total offense level was 37, with a criminal history category IV, resulting in a guideline range of 292 to 365 months. See Presentence Investigation Report ("PSIR"), ¶ 94. The Court sentenced defendant to 292 months in prison. On February 9, 2015, under Amendment 782 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), the Court reduced defendant's sentence to 235 months. See Order Regarding

Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #337).[1]

On June 11, 2018, defendant filed a motion to reduce his sentence under Amendment 782 and Hughes v. United States, 138 S. Ct. 1765 (June 4, 2018).

**Analysis**

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors found in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289-90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

The United States Supreme Court recently held that a defendant who pleads guilty under

---

[1] The PSIR determined that defendant was accountable for 1.36 kilograms of cocaine base. See PSIR, ¶ 60. Because defendant was accountable for at least 500 grams but less than 1.5 kilograms of cocaine base, his base offense level before adjustments was 34. See U.S.S.G. § 2D1.1(c)(3) (2009 ed.). Under the amended version of the Guidelines, because defendant was accountable for at least 840 grams but less than 2.8 kilograms of cocaine base, his base offense level before adjustments was reduced to 32. See U.S.S.G. § 2D1.1(c)(4) (2016 ed.).

Rule 11(c)(1)(C) may seek relief under Section 3582(c)(2) so long as the defendant's guideline range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." Hughes, 138 S. Ct. at 1775. Defendant argues that under Hughes and Amendment 782, he is entitled to a reduced sentence. As explained above, the Court previously granted defendant a two level reduction in his total offense level under Amendment 782 and reduced his sentence to 235 months, the low end of the amended guideline range. Because Amendment 782 reduced defendant's guideline range, the Court has jurisdiction to consider defendant's successive Section 3582(c)(2) motion. See United States v. Green, 886 F.3d 1300, 1306 (10th Cir. 2018) (Section 3582(c)(2) does not divest district court of jurisdiction to consider second motion to modify sentence under same amendment). Even so, the Commission's policy statements do not authorize a further reduction of defendant's sentence.[2] See U.S.S.G. § 1B1.10(b)(2)(A) (except in cases of substantial assistance, court shall not reduce term of imprisonment to less than minimum of amended guideline range). Therefore the Court overrules defendant's motion to reduce sentence.

**IT IS THEREFORE ORDERED** that defendant's Motion For Sentence Reduction Under Amendment 782 In Light Of The Supreme Court's Ruling In Hughes V. United States (Doc. #393) filed June 11, 2018 is **OVERRULED**.

Dated this 20th day of July, 2018 at Kansas City, Kansas.

                                                      s/ Kathryn H. Vratil
                                                     KATHRYN H. VRATIL
                                                     United States District Judge

---

[2] Even before Hughes, defendant was eligible for a sentence reduction under Amendment 782 because he pled guilty under Rule 11(c)(1)(A). Hughes addressed whether defendants who plead guilty under Rule 11(c)(1)(C) are eligible for relief; it does not provide further relief to this defendant.