# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | CRIMINAL ACTION |
| v. | ) ) | No. 07-20090-01-KHV |
| STEVE LOGAN, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's pro se Motion For Sentence Reduction Under The Retroactive Application Of The Fair Sentencing Act [Of 2018] (Doc. #396) filed January 7, 2019. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On January 15, 2009, defendant pled guilty under Rule 11(c)(1)(A), Fed. R. Crim. P., to conspiracy to distribute or possess with intent to distribute marijuana and 50 grams or more of cocaine base. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #145). Defendant's total offense level was 37, with a criminal history category IV, resulting in a Guidelines range of 292 to 365 months. See Presentence Investigation Report, ¶ 94. The Court sentenced defendant to 292 months in prison. On February 9, 2015, under Amendment 782 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), the Court reduced defendant's sentence to 235 months. See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #337).

In his present motion, defendant asks the Court to reduce his sentence under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018).

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Under Section 3582(c)(1)(B), the Court may modify a term of imprisonment to the extent expressly authorized by statute. Defendant seeks relief under the First Step Act of 2018, which retroactively applies the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220; 124 Stat. 2372. See First Step Act § 404(a) (First Step Act applies to sentences for violation of federal criminal statute with statutory penalties modified by Fair Sentencing Act that was committed before August 3, 2010). Effective August 3, 2010, the Fair Sentencing Act reduced the amount of cocaine base needed to trigger certain statutory minimum and maximum sentences. See 21 U.S.C. § 841(b)(1)(A)(iii) (raising from 50 to 280 grams the amount of cocaine base needed to trigger statutory range of 10 years to life in prison); 21 U.S.C. § 841(b)(1)(B)(iii) (raising from 5 to 28 grams the amount of cocaine base needed to trigger statutory range of 5 to 40 years in prison). Under the First Step Act of 2018, the Court may impose a reduced sentence as if the revised statutory penalties of the Fair Sentencing Act were in effect at the time the covered offense was committed. See First Step Act § 404(b).

Under the First Step Act, the statutory penalty for defendant's offense of conviction involving 50 grams of cocaine base is reduced from a range of 10 years to life to a range of five to 40 years. See 21 U.S.C. § 841(b)(1)(A)(iii), (b)(1)(B)(iii). Even so, the revised statutory range does not impact defendant's original Guidelines range of 292 to 365 months or the amended Guidelines range (after Amendment 782) of 235 to 293 months. Therefore, the Court overrules defendant's request to reduce his sentence under the First Step Act.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Sentence Reduction

Under The Retroactive Application Of The Fair Sentencing Act (Doc. #396) filed January 7, 2019 is **OVERRULED**.

Dated this 8th day of February, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge