IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>           **Plaintiff,**        )<br>                              )    CRIMINAL ACTION<br>v.                            )<br>                              )    No. 07-20090-01-KHV<br>STEVE LOGAN,                  )<br>                              )<br>           **Defendant.**       )<br>_____) | |

## MEMORANDUM AND ORDER

On April 23, 2009, the Court sentenced defendant to 292 months in prison. On February 9, 2015, under Amendment 782 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), the Court reduced defendant's sentence to 235 months. This matter is before the court on defendant's pro se Motion For Compassionate Release Pursuant To 18 U.S.C. § 3582(c)(1)(A) (Doc. #436) filed January 24, 2022, which seeks release based on the Coronavirus Disease-2019 ("COVID-19") pandemic. Pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant. For reasons stated below, the Court overrules defendant's motion.

### Factual Background

On January 15, 2009, defendant pled guilty to conspiracy to distribute and possess with intent to distribute marijuana and 50 grams or more of cocaine base. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #145). The Court attributed some 1.36 kilograms of cocaine base to defendant, for a base offense level of 34 under the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(1). See Presentence Investigation Report ("PSR"), ¶ 60.

The Court applied a two-level enhancement because defendant possessed a firearm, a four-level enhancement because of his role in the offense and a three-level reduction for acceptance of responsibility.  Id., ¶¶ 61, 63, 66.  Based on a total offense level of 37 and a criminal history category IV, defendant's guideline range was 292 to 365 months.  See id., ¶ 94.  The Court sentenced defendant to 292 months in prison.  On February 9, 2015, under Amendment 782 to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), the Court reduced defendant's sentence to 235 months.  See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #337).

Defendant currently is confined at FCI Forrest City – Low, a Bureau of Prisons ("BOP") facility in Forrest City, Arkansas.  FCI Forrest City – Low houses some 1,443 inmates.  See FCI Forrest City Low, https://www.bop.gov/locations/institutions/for (last visited April 11, 2022).  As of April 11, 2022, 558 inmates and 84 staff members had tested positive for COVID-19.  See COVID-19 Cases, https://www.bop.gov/coronavirus (last visited April 11, 2022).  All of the inmates and staff members have recovered.  See id.  In February and March of 2021, defendant received the COVID-19 Pfizer vaccine.  See Government's Response To Defendant's Motion For Compassionate Release (Doc. #441) filed March 11, 2022 at 10.  In July of 2021, defendant tested positive for COIVD-19 but he recovered and has not suffered any long term complications from the infection.  On December 1, 2021, defendant received the COVID-19 Moderna vaccine.  See id.

Defendant is 50 years old.  Defendant states that because of diabetes, hypertension and sickle cell disease, he is at high risk of contracting COVID-19 and severe illness or death if he contracts it or one of its variants.  With good time credit, defendant's projected release date is

April 20, 2024. Defendant asks the Court to grant compassionate release based on his health conditions and the COVID-19 pandemic.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Under the First Step Act of 2018, Pub. L. No. 115-391 (S. 756), 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Here, the government has not raised the issue of exhaustion. Thus, the government effectively concedes that defendant has satisfied the exhaustion prerequisite.

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a

reduced sentence.  18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).  The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants.  Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050.  Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply.  See United States v. Warren, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021); see also United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020) (where incarcerated person files motion, district court may skip step two of § 3582(c)(1)(A) inquiry and has full discretion to define "extraordinary and compelling" without consulting policy statement at U.S.S.G. § 1B1.13).  Accordingly, the Court evaluates only the first and third requirements.

**I.     Extraordinary And Compelling Reasons For Release**

The Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release.  See McGee, 992 F.3d at 1044, 1048.  In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent."  United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting *extraordinary*, Webster's Third International Dictionary, Unabridged (2020)).  "Compelling" means "tending to convince . . . by forcefulness of evidence."  Id. (quoting *compelling*, Webster's Third International Dictionary, Unabridged (2020)).  The Court also considers how the Sentencing Commission has defined extraordinary and compelling reasons for BOP motions.  See United States v. Carr, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes).  For BOP motions, the Sentencing Commission has

identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first three categories. U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).

Here, defendant seeks release because of health conditions. The government concedes that BOP medical records confirm that defendant has a history of diabetes, hypertension and sickle cell disease, which make him susceptible to severe disease or death if he contracts COVID-19. Even so, the government notes that defendant tested positive for COVID-19 in July of 2021, recovered and has not suffered any long term complications. Government's Response To Defendant's Motion For Compassionate Release (Doc. #441) at 9, 15. The government also notes that because defendant is fully vaccinated, his risk of serious complications from a future infection has dramatically decreased. Id. at 16–17. The prevailing scientific view seems to be that vaccinated individuals, even with medical comorbidities, do not have a significant risk of severe disease or death if they contract COVID-19. Based on defendant's recovery from a prior COVID-19 infection and his vaccination status, he has not shown that his health conditions, either individually or collectively, constitute extraordinary and compelling reasons for release. See United States v. McRae, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (when defendant has access to vaccine, incarceration during COVID-19 pandemic does not present extraordinary and compelling reason warranting sentence reduction) (further citations omitted).

Defendant asserts that FCI Forrest City – Low does not provide adequate medical care for life-threatening illnesses, but he provides no evidence to show that BOP cannot adequately treat

his current medical conditions. BOP records reflect that health care professionals tested plaintiff for COVID-19 on several occasions and that he has received three doses of COVID-19 vaccine. At FCI Forrest City – Low, 558 inmates and 84 staff members tested positive for COVID-19, but all have recovered. While defendant certainly faces some risk of contracting COVID-19 and serious illness or death if he contracts it, home detention does not eliminate those risks. Defendant has not shown that compared to his proposed placement in the community, he faces a heightened or imminent risk of exposure to COVID-19 or one of its variants at FCI Forrest City – Low. See United States v. Wright, No. CR-TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (inmate must show imminent risk of exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors). COVID-19 certainly presents a challenge in the prison setting, where inmates generally live in close quarters. Even so, the risk that a vaccine-resistant coronavirus may emerge at FCI Forrest City – Low cannot "justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[1]

In sum, defendant has not established extraordinary and compelling reasons for his release.

## II.     Section 3553(a) Factors

Even if defendant's health conditions and the COVID-19 pandemic were considered "extraordinary and compelling" reasons for release, the Court would deny relief after considering the factors under 18 U.S.C. § 3553. A sentence of time served, or approximately 207 months

---

[1] Defendant also argues that many individuals have unreported adverse reactions to the vaccines, but he has not asserted that he personally suffered any negative effect from them.

including good time credit, is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public. Defendant participated in a large scale conspiracy to distribute cocaine base. See PSR, ¶¶ 16–54. As part of the offense conduct, defendant was responsible for some 1.36 kilograms of cocaine base. See id., ¶ 60. He also received sentencing enhancements because he possessed a firearm during the course of the offense conduct and he was an organizer or leader of criminal activity that involved five or more participants. See id., ¶¶ 61, 63.

The Court recognizes that defendant has completed a large portion of his sentence, he apparently has made some progress toward rehabilitation and he has community and family support. Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence. Accordingly, even if defendant could establish extraordinary and compelling reasons for release, the Court would deny relief.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Compassionate Release Pursuant To 18 U.S.C. § 3582(c)(1)(A) (Doc. #436) filed January 24, 2022 is **OVERRULED**.

Dated this 13th day of April, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge